JS - 6

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0384 GAF (OPx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | Jaeger v. Indymac Mortgage Service | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      **(In Chambers)**

### ORDER REMANDING CASE

On May 8, 2009, Plaintiff Renee Jaeger ("Plaintiff") filed her original complaint against Defendant OneWest Bank FSB ("Defendant") in Riverside County Superior Court. On March 11, 2010, approximately ten (10) months later, Defendant removed the action to this Court. (Docket No. 1.) In its notice of removal, Defendant claimed that removal was timely because Plaintiff's service of the summons and original complaint was improper for failure to mail the complaint to a person authorized to receive process on Defendant's behalf. (Id. ¶ 3.)

The removal statute is strictly construed against removal jurisdiction. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (emphasis added) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

As the Court previously indicated, Plaintiff's proof of service did not itself specify that a particular individual would be served on Defendant's behalf, consistent with the statutory provisions of CAL. CIV. CODE § 416.010. (Docket No. 11.) However, because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0384 GAF (OPx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | Jaeger v. Indymac Mortgage Service | | |

"strict compliance" with the statutory provisions of CAL. CIV. CODE § 416.10 "is not required," Plaintiff "could be held to have substantially complied with the service statute if, despite [her] failure to address the mail to one of the persons to be served on behalf of the [Defendant], the summons was actually received by one of the persons to be served" listed in section 416.10. Dill v. Berquist Constr. Co., 29 Cal. Rptr. 2d 746, 751-51 (Ct. App. 1994) (emphasis added).

The Court then reviewed the removal notice and determined that Defendant had failed to demonstrate that Plaintiff's summons and complaint were not "actually received" by one of the persons referenced in CAL. CIV. CODE § 416.10 more than thirty days before removal. (Docket No. 11 at 3.) Accordingly, Defendants were ordered to show cause why the case should not be remanded for untimely removal. (Id.) Defendants were informed that to satisfy their burden of proof regarding timely removal, they would need to provide evidence describing: (1) who initially received Plaintiff's complaint; (2) where and when the complaint was received; and (3) the entire chain of custody of the complaint and duplicate copies thereof, between May 12, 2009[1] and March 11, 2010.[2] (Id.)

According to Defendant's records, the servicing center in Kalamazoo, Michigan received Plaintiff's Complaint on May 12, 2009.[3] (Stotts Decl. ¶¶ 2-3.) The Complaint was then sent to the Corporate Mailroom in Pasadena, California. (Id. ¶ 3.) However, Defendant apparently has no record of the Corporate Mailroom ever receiving Plaintiff's Complaint. (Id. ¶¶ 4-5.) Instead, Defendant's records indicate that the Legal Department first received Plaintiff's Complaint from a third party, the Federal Deposit Insurance Corporation ("FDIC"), on September 24, 2009. (Id. ¶ 7.)

---

[1] May 12, 2009 is the date reflected on Plaintiff's initial proof of service. (Docket No. 1, Ex. B [at 17].)

[2] March 11, 2010 is the date Defendant's removal notice was filed in this Court. (Docket No. 1.)

[3] Upon receipt at the Kalamazoo servicing center, all mailings with a tracking number are entered into an Excel spreadsheet noting both the tracking number and where the document is routed. (Stotts Decl. ¶ 2.) The spreadsheet for documents received at the Kalamazoo servicing center on May 12, 2009, indicates that the Complaint sent by Plaintiff was received on this date. (Id. ¶ 3.)

JS - 6

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0384 GAF (OPx) | Date | May 28, 2010 |
|---|---|---|---|
| Title | Jaeger v. Indymac Mortgage Service | | |

In sum and substance, Defendant concedes that it received Plaintiff's complaint at its Kalamazoo servicing center, but then essentially "lost" the document. Defendant shall not be permitted to claim timely removal based on a lost-document theory, because adoption of this theory would yield an absurd result. In every instance where a plaintiff failed to specifically mail its complaint to a person listed in Section 416.10, the defendant could simply "lose" the document and toll the thirty-day removal period <u>indefinitely</u>. That result would be contrary to California's principles governing effective service of process and would permit Defendant to benefit from its own negligence in maintaining records that it admits are "critical documents." (Stotts Decl. ¶ 4.)

In addition, the circumstances of this case further counsel against removal. In California, the "statutory provisions regarding service of process 'should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant . . . .'" <u>Dill</u>, 29 Cal. Rptr. 2d at 751 (citing <u>Pasadena Medi-Center Assocs. v. Superior Court</u>, 511 P.2d 1180, 1184 (Cal. 1973) (internal quotations omitted)). Here, Defendant acknowledges that its Legal Department received "the Complaint" from "a third party, the Federal Deposit Insurance Corporation," on September 24, 2009. (Stotts Decl. ¶ 7.) Thus, there is no question that one of the persons delineated in Section 416.10 received "actual notice" of the Complaint more than thirty days prior to removal. Simply because Defendant did not receive the precise document that Plaintiff attempted to mail does not render service invalid. When Defendant received the complaint on September 24, 2009, it was provided adequate "actual notice" of the lawsuit against it, <u>Dill</u>, 29 Cal. Rptr. 2d at 751, and in the Court's view, the thirty-day removal period began to run at that time. Because Defendant's removal notice was not filed until March 11, 2010—several months after the expiration of the removal period—the removal is untimely.

Because Defendant has failed to satisfy its burden to show that removal was timely, the case is **REMANDED** to Riverside County Superior Court for all further proceedings. The hearing regarding Defendant's motion to dismiss, presently scheduled for June 7, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**